IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,304-05 & -06






EX PARTE RODNEY DALE SUMMERVILLE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 0817992D & 0817994D IN THE 371ST DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of heroin and possession of cocaine with intent to deliver. He was sentenced to sixty years'
imprisonment on each count. The Second Court of Appeals affirmed his convictions. Summerville
v. State, Nos. 02-03-00432-CR & 02-03-00433-CR (Tex. App.-Fort Worth Nov. 15, 2005, pet.
ref'd). 

 Applicant contends, among other things, that trial and appellate counsel rendered ineffective
assistance. The trial court made findings of fact and conclusions of law and recommended that we
grant Applicant a new punishment hearing in cause number 0817992D and delete the deadly weapon
finding from the judgment in cause number 0817994D. We believe that the record should be further
developed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial and appellate counsel to respond to Applicant's claims of ineffective assistance of
counsel. Specifically, the trial court shall order trial counsel to state why he did not request that the
jury be instructed on the deadly weapon issue at punishment. The trial court shall also order appellate
counsel to state why he did not argue on direct appeal that the jury did not make an affirmative
finding that Applicant used or exhibited a deadly weapon. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether trial
and appellate counsel were ineffective. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the jury instructions on
guilt and punishment shall also be returned to this Court within 120 days of the date of this order.
Any extensions of time shall be obtained from this Court. 



Filed: August 24, 2011

Do not publish